IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NOAH BEVERLY,

    Petitioner,

vs.                                              CASE NO. 2:05-cv-735
                                                    CRIM. NO. 2:99-cr-104(2)
                                                      JUDGE GRAHAM
                                                     MAGISTRATE JUDGE KING

UNITED STATES OF AMERICA,

    Respondent.

## ORDER and
## REPORT AND RECOMMENDATION

On October 25, 2005, the Court granted respondent's request to hold the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 in abeyance pending submission of petitioner's written waiver of his attorney client privilege, so that respondent could obtain an affidavit from defense counsel to respond to petitioner's allegations. Petitioner was directed to submit a written waiver of his attorney client privilege as it relates to the claims raised in this action within ten days and was advised that his failure to do so could result in dismissal of this action. Doc. No. 165. In a notice filed on October 31, 2005, however, petitioner declined to waive his attorney client privilege because he "takes the position this request by the Government is merely an attempt by the Government in securing more time in answering petitioner's substantial constitutional claims." *See* Doc. No. 170. To date, petitioner has failed to file a written waiver of his attorney client privilege.

The Magistrate Judge therefore **RECOMMENDS** that claim four, in which petitioner asserts

that he was denied the effective assistance of counsel when his attorney failed to pursue a plea agreement and failed to discuss with petitioner the benefits of pleading guilty as opposed to going to trial be **DISMISSED**.

> [L]itigants cannot hide behind the privilege if they are relying upon privileged communications to make their case. "[T]he attorney-client privilege cannot at once be used as a shield and a sword." *United States v. Bilzerian,* 926 F.2d 1285, 1292 (2d Cir.1991).

*In re Lott*, 424 F.3d 446, 452-454 (6th Cir. 2005); *see also Mason v. Mitchell*, 293 F.Supp.2d 819, 823-24 (N.D. Ohio 2003).

Respondent is **DIRECTED** to file a return of writ regarding the remainder of petitioner's claims within twenty (20) days of the date of this order.

**IT IS SO ORDERED**.


November 30, 2005                                              *s/Norah McCann King*
                                                                Norah McCann King
                                                                United States Magistrate Judge