IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

    v.                                 Case No. 2:99-cr-104-2

Noah Beverly

OPINION AND ORDER

    Defendant was convicted by a jury on one count of conspiracy to commit bank robbery in violation of 18 U.S.C. §371, two counts of armed bank robbery in violation of 18 U.S.C. §2113(a) and (d), and two counts of using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §924(c). By judgment entered on May 15, 2000, defendant was sentenced to a term of incarceration of 60 months on the conspiracy count and 144 months on the two bank robbery counts, to run concurrently, and to a total consecutive term of 300 months on the firearm counts.

    On July 29, 2019, defendant submitted a request for compassionate release to the warden. On August 10, 2020, defendant filed a brief motion for compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A)(i), as amended by the First Step Act of 2018. Defendant stated that he was still waiting for a response from the Bureau of Prisons ("BOP") on his earlier request. See Doc. 319. On September 4, 2020, defendant provided a copy of the formal request for compassionate release which he made to the BOP. See Doc. 322. On December 31, 2020, appointed counsel filed a motion for a sentence reduction on defendant's behalf. Doc. 337. On January 29, 2021, the government filed a response to the motions. See Doc. 343. The government conceded that defendant has exhausted his administrative remedies, and indicated that the government does not oppose the motions for compassionate release.

Under 18 U.S.C. §3582(c)(1)(A)(i), the court can reduce a sentence under §3582(c)(1)(A) if the court finds that "extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. §3582(c)(1)(A)(i). District courts have full discretion to define what constitutes an "extraordinary and compelling" reason. See United States v. Jones, 980 F.3d 1109, 1111 (6th Cir. Nov. 20, 2020). The court must also consider the factors set forth in 18 U.S.C. §3553(a) to the extent that they are applicable. §3582(c)(1)(A). If, after weighing the §3553(a) factors, the court decides that the motion is well taken, the court "may reduce the term of imprisonment[.]" §3582(c)(1)(A). The grant of compassionate release is at the discretion of the court. United States v. Kincaid, 802 F. App'x 187, 188 (6th Cir. 2020).

Defendant contends that his age (he is 71 years old) and his numerous medical conditions constitute extraordinary and compelling reasons for compassionate release in his case. On September 4, 2020, defendant provided a copy of the formal request for compassionate release which he made to the BOP. See Doc. 322. In this request, defendant listed numerous medical conditions, including: malignant neoplasm of the prostate; malignant neoplasm of the pancreas; malignant neoplasm of the liver; a cardiac pacemaker; elevated prostate specific antigen (PSA); chronic hepatitis C; Type II diabetes; cardiac arrhythmia; atrial fibrillation; benign essential hypertension; contracture of the palmar fascia; presbyopia, and glaucoma. Defendant further stated that although he had completed 28 days of radiation therapy for prostate cancer, other recommended tests for conditions such as a pancreatic mass and a lesion within the liver were not completed

due to his status as a prisoner. Defendant alleged that his medical conditions required proper maintenance and monitoring which was not always provided in a timely fashion.

The government has indicated that it had received thousands of pages of medical records from the BOP relating to defendant's medical conditions. See Doc. 337. The government agrees that defendant's multiple forms of cancer and other serious ailments constitute an extraordinary and compelling reason to grant release. Upon review of defendant's motions, the court finds that defendant's medical conditions, viewed in conjunction with his age, constitute an extraordinary and compelling reason warranting early release.

The court must also address the applicable §3553(a) factors. The offenses in this case were serious. According to the presentence investigation report ("PSR"), the conspiracy in this case spanned from March, 1994, through November, 1995. Defendant participated in two of the robberies. In the robbery of the National City Bank on May 12, 1995, which resulted in the theft of $3,428, defendant stayed in the lobby and pointed a gun at the tellers. During the May 18, 1995, robbery of the Security National Bank and Trust, which resulted in a loss of $10,700, defendant stayed near the main door of the bank with a revolver in his hand.

The use of firearms during the bank robberies was also serious. Defendant was sentenced to a term incarceration of 5 years on the first §924(c) count and 20 years on the second §924(c) count. However, in the First Step Act, Congress re-evaluated what would constitute an adequate penalty for multiple §924(c) counts. Under the new law, defendant would have received a 5-year

consecutive sentence of each of the two §924(c) counts. Considering Congress's current view of the type of penalty which is adequate to reflect the seriousness of §924(c) offenses, the reduced sentence requested by defendant would be sufficient to address the seriousness of the offenses for which defendant was convicted.

As to the history and characteristics of the defendant, at the time of his convictions for the offenses in this case, defendant was in Criminal History Category III. His prior record included convictions for burglary, malicious entry, and first degree murder stemming from a killing which occurred when the defendant and two other persons robbed a business. However, the PSR indicated that defendant was previously determined to have borderline intelligence and poor social judgment. In his motion, defendant expressed regret that he was easily influenced and let his friends tell him what to do. While incarcerated, he learned how to read and write. He has also embraced Christianity. In a letter dated December 18, 2020, a fellow inmate noted that defendant is widely admired in the institution for his willingness to lend a helping hand and for volunteering for duty assignments. Upon his release, defendant plans to reside with one of his daughters.

The court concludes that a reduced sentence would be sufficient to promote respect for the law, to provide just punishment, and to afford adequate deterrence. The shortened sentence sought by defendant would also be sufficient to protect the public from more crimes by the defendant. In light of defendant's age and his health conditions, his efforts towards rehabilitation and his good conduct while in prison, he is unlikely to engage in further criminal activity if he is released. The

government agrees that the §3553(a) factors do not militate against release.  The court agrees and concludes that the §3553(a) factors warrant granting defendant's motion for a reduced sentence.

IV. Conclusion

In accordance with the foregoing, defendant's motions for compassionate release (Docs. 319, 322 and 337) are granted.  The terms of incarceration previously imposed on Counts 1 and 6 through 9 of the indictment are hereby reduced to terms of time served.  The court orders that the defendant shall be released from custody.  This order is stayed for fourteen days from the date of this order or from the date the defendant tests negative for COVID-19, whichever is later, to facilitate the BOP's procedure for placing defendant in quarantine to protect the community from the potential spread of COVID-19.  Once released, defendant will begin to serve the three-year concurrent terms of supervised release previously imposed in this case.

Defendant is instructed that he must report to the probation office in the federal judicial district where he is authorized to reside within 72 hours of his release from imprisonment, unless the probation officer instructs him to report to a different probation office or within a different time frame.

Date: February 3, 2021             s/James L. Graham
                                               James L. Graham
                                             United States District Judge